FJN:EDP/MS
F. #2022R00627

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
*   FEBRUARY 23, 2024   *
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

LIMING YANG,
    also known as "Emilio,"

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 24-CR-83
(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1),
1956(a)(2)(A), 1956(a)(2)(B)(i),
1956(a)(2)(B)(ii), 1956(a)(3)(A),
1956(a)(3)(B), 1956(a)(3)(C), 1956(h), 2
and 3551 et seq.; T. 21, U.S.C., § 853(p))

Judge Pamela K. Chen
Magistrate Judge Joseph A. Marutollo

THE GRAND JURY CHARGES:

## INTRODUCTION

I.    Relevant Entities

    1.    Company 1, an entity whose identity is known to the grand jury, is a company located in Ningbo, China. Company 1 is involved in the manufacture and international export of textile products, among other products and services.

II.    The Defendant

    2.    The defendant LIMING YANG, also known as "Emilio," is a Chinese national who lives and works in Colombia. At all times relevant to this indictment, YANG was involved in the importation of Company 1's commercial products from China to Colombia.

III.    The Money Laundering Scheme

    3.    Since approximately 2018, the defendant LIMING YANG used Company 1 bank accounts to launder funds that he understood to be the proceeds of narcotics transactions. During these activities, YANG instructed his customers to wire money from locations outside of

Colombia, including the United States, to bank accounts in China associated with and controlled by Company 1. Upon receipt of the funds by Company 1 in China, YANG would then pay out the funds in cash to the customer in Colombia at a previously negotiated rate.

4.  Between April 2023 and August 2023, the defendant LIMING YANG engaged in at least five transactions like those described above. During these transactions, YANG was told that the funds were being wired from New York and a borough of New York City; that the funds were the proceeds of narcotics transactions; that the funds belonged to individuals located in Mexico; and that the leaders of the narcotics trafficking organization required Colombian pesos to further its operations.

5.  During the five transactions described above, the defendant LIMING YANG instructed the customer to wire money to an account belonging to Company 1 at Commercial Bank 1, an entity whose identity is known to the grand jury, and then paid out the funds in Colombian pesos once the wire transfer to China had cleared. On several occasions, YANG paid out the Colombian pesos at a warehouse in Bogota, Colombia, where commercial products exported by Company 1 were stored for further commercial distribution within Colombia.

6.  In each of the five transactions described above, the funds were wired to Company 1 from the Eastern District of New York.

7.  During the five transactions described above, the defendant LIMING YANG expressed interest in engaging in additional and larger transactions of a similar character. YANG further stated that he had facilitated numerous similar transactions for other customers, involving other foreign countries.

## COUNT ONE
### (Money Laundering Conspiracy)

8. The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

9. In or about and between 2018 and February 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LIMING YANG, also known as "Emilio," together with others, did knowingly and intentionally conspire:

(a) to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: wire transfers of United States currency from a bank in Brooklyn, New York, to an account at Commercial Bank 1 in the name of Company 1, in exchange for subsequent deliveries of Colombian pesos, which transactions involved property represented by a person at the direction of, and with the approval of, a federal official authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activities, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 848, 952(a), 959 and 963, and to be property used to conduct and facilitate such specified unlawful activities, (i) with the intent to promote the carrying on of such specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(3)(A); (ii) to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(3)(B); and (iii) to avoid a transaction reporting requirement under state and federal law, contrary to Title 18, United States Code, Section 1956(a)(3)(C); and

(b) to transport, transmit and transfer monetary instruments and funds from a place in the United States to and through one or more places outside the United States, to

4

wit: China and Colombia, (i) with the intent to promote the carrying on of the specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(2)(A); (ii) knowing that the funds represented the proceeds of some form of unlawful activity and knowing that transportation, transmission and transfer were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i); and (iii) to avoid a transaction reporting requirement under state and federal law, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(ii).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNTS TWO THROUGH SIX
(Money Laundering)

10.     The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

11.     On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant LIMING YANG, also known as "Emilio," together with others, did knowingly and intentionally conduct and attempt to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: wire transfers of United States currency from a bank in Brooklyn, New York, to an account at Commercial Bank 1 in the name of Company 1, in exchange for subsequent deliveries of Colombian pesos, which transactions involved property represented by a person at the direction of, and with the approval of, a federal official authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activities, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 848, 952(a), 959 and 963, and to be property used to conduct and facilitate such specified unlawful activities, (i) with the intent to

promote the carrying on of such specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(3)(A); (ii) to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(3)(B); and (iii) to avoid a transaction reporting requirement under state and federal law, contrary to Title 18, United States Code, Section 1956(a)(3)(C).

| Count | Approximate Date of Wire Transfer to Commercial Bank 1 |
|-------|---------------------------------------------------------|
| TWO | April 25, 2023 |
| THREE | June 7, 2023 |
| FOUR | July 3, 2023 |
| FIVE | July 31, 2023 |
| SIX | August 30, 2023 |

(Title 18, United States Code, Sections, 1956(a)(3)(A), 1956(a)(3)(B),

1956(a)(3)(C), 2 and 3551 et seq.)

## COUNTS SEVEN THROUGH ELEVEN
### (International Money Laundering)

12.     The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

13.     On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant LIMING YANG, also known as "Emilio," together with others, did knowingly and intentionally transport, transmit and transfer, and attempt to transport, transmit and transfer, monetary instruments and funds from a place in the United States to and through one or more places outside the United States, to wit: China and Colombia, (i) with the

intent to promote the carrying on of the specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(2)(A); (ii) knowing that the funds represented the proceeds of some form of unlawful activity and knowing that transportation, transmission and transfer were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i); and (iii) to avoid a transaction reporting requirement under state and federal law, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(ii).

| Count | Approximate Date of Wire Transfer to Commercial Bank 1 |
|---|---|
| SEVEN | April 25, 2023 |
| EIGHT | June 7, 2023 |
| NINE | July 3, 2023 |
| TEN | July 31, 2023 |
| ELEVEN | August 30, 2023 |

(Title 18, United States Code, Sections, 1956(a)(2)(A), 1956(a)(2)(B)(i),

1956(a)(2)(B)(ii), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

14.     The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

15.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

s/

FOREPERSON

By Carolyn Pokorny, Assistant U.S. Attorney

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2022R00627
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

LIMING YANG,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1), 1956(a)(2)(B)(i),
1956(a)(2)(B)(ii), 1956(a)(3)(A), 1956(a)(3)(B), 1956(a)(3)(C), 1956(h), 2
and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

s/

_____ *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____ *Clerk*

*Bail, $* _____

*Margaret Schierberl, Erik D. Paulsen, Assistant U.S. Attorneys (718) 254-7000*